UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

FORMAN HOLT ELIADES & RAVIN LLC
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
(201) 845-1000
Attorneys for Charles M. Forman, Chapter 11 Trustee
Michael E. Holt (MEH-8735)

In Re:

EAST COAST SANITATION CO., INC.,

Debtor.

FILED
JAMES J. WALDRON, CLERK
DEC 0 2 2009
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

Case No: 09-30888 (DHS)

Judge: Hon. Donald H. Steckroth

Chapter 11

**ORDER AUTHORIZING (i) SALE OF CERTAIN PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §363, (ii) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. §365, (iii) REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. §365, AND (iv) ABANDONMENT OF CERTAIN PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §554**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

Dec. 2, 2009

D. Steckroth
USBJ

Page 2
In re:              EAST COAST SANITATION CO., INC.
Case No:         09-30888 (DHS)
Caption of Order: **ORDER AUTHORIZING (i) SALE OF CERTAIN PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §362, (ii) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. §365, (iii) REJECTION OF CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. §365, AND (iv) ABANDONMENT OF CERTAIN PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §554**

This matter having been brought before the Court upon the application of Charles M. Forman, trustee (the "Trustee") in the captioned chapter 11 case, through his attorneys, Forman Holt Eliades & Ravin LLC, by way of the Trustee's application for entry of an order authorizing (i) the sale of certain property of the estate pursuant to 11 U.S.C. §363, (ii) the assumption and assignment of certain executory contracts pursuant to 11 U.S.C. §365, (iii) the rejection of certain executory contracts and unexpired leases pursuant to 11 U.S.C. §365, and (iv) the abandonment of certain property pursuant to 11 U.S.C. §554; and the Court having considered the papers submitted and the arguments presented; and it appearing to the Court that good and sufficient notice of the Trustee's application has been served upon the Office of the United States Trustee, all known creditors and parties-in-interest, all parties with whom the Debtor has contracts, the Attorney General of the State of New Jersey, the New Jersey Department of Environmental Protection, all parties having expressed an interest in a possible acquisition of the Debtor's business and all parties having filed notices of appearance in the Debtor's chapter 11 case; and for good cause shown; it is hereby

**ORDERED** as follows:

1. The Trustee is authorized to sell to ~~Suburban Disposal, Inc. ("Suburban Disposal")~~ Joseph Smentkowski, Inc. ("Smentkowski") the Debtor's routes, commercial accounts and all containers used in connection therewith free and clear of all liens, claims and interests, with valid liens, claims and interests, if any, to attach to the proceeds of such sale with the same validity, force and effect as they now enjoy pursuant to 11 U.S.C. §363(b) and (f) as set forth herein. [↵] for the sum of $165,000 to be paid no later than December 7, 2009 at 12:00 noon prevailing Eastern Time, time being of the essence;

Page 3
In re:            EAST COAST SANITATION CO., INC.
Case No:          09-30888 (DHS)
Caption of Order: **ORDER AUTHORIZING (i) SALE OF CERTAIN PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §362, (ii) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. §365, (iii) REJECTION OF CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. §365, AND (iv) ABANDONMENT OF CERTAIN PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §554**

2. ~~Suburban Disposal~~ [Smentkowski] is a good faith purchaser for value within the meaning of 11 U.S.C. §363(m). [handwritten: effective as of 5:00 p.m. on Friday December 4, 2009 Smentkowski]

3. The provisions of Fed. R. Bankr. P. 6004(g) are waived and the Trustee and ~~Suburban Disposal~~ may close on the sale of the Debtor's routes and commercial accounts immediately upon the entry of this Order.

4. The Trustee is authorized to assume the Debtor's contracts with the City of East Orange, the City of Orange Township, the Borough of Roseland, the Township of Cedar Grove and the Township of Randolph for the collection and disposal of solid waste and recyclable materials and to assign those contracts to ~~Suburban Disposal~~ [Smentkowski] pursuant to 11 U.S.C. §365(a) and (f). [handwritten: Smentkowski will have all necessary insurance + bonds in place at the closing as set forth in paragraph above]

5. Effective as of the closing date, ~~Suburban Disposal~~ [Smentkowski] shall fulfill all obligations under the contracts assumed and assigned by the Trustee and will be entitled to all financial compensation under the assigned contracts, except for compensation for services rendered prior to the closing date, which compensation, if any, shall continue to be paid to the Trustee.

6. There are no amounts due by the Debtor to cure defaults under the contracts. The parties to the contracts assumed and assigned by the Trustee shall not charge or off-set against any amounts due to ~~Suburban Disposal~~ [Smentkowski] for performing pursuant to the contracts assigned to it by the Trustee for any defaults by the Debtor prior to such

Page 4
In re: EAST COAST SANITATION CO., INC.
Case No: 09-30888 (DHS)
Caption of Order: **ORDER AUTHORIZING (i) SALE OF CERTAIN PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §362, (ii) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. §365, (iii) REJECTION OF CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. §365, AND (iv) ABANDONMENT OF CERTAIN PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §554**

assignment including any penalties or other amounts claimed as due under such contracts.

7. None of the parties to the contracts assumed by the Trustee and assigned to ~~Suburban Disposal~~ [Smentkowski] may seek to cancel those contracts based upon (1) the assignment herein to the buyer; (2) the Debtor's delay in providing replacement performance bonds for the continuation of the contracts prior to their assignment; or (3) any other prior defaults or breaches by the Debtor under those contracts.

8. The Debtor's contract with the Town of Harrison for the collection and disposal of solid waste and recyclable materials is rejected pursuant to 11 U.S.C. §365(a) and neither the Trustee, the Debtor, the Debtor's estate nor ~~Suburban Disposal~~ [Smentkowski] shall have any continuing obligation to perform under the terms of those contracts. Any claims asserted by the Town of Harrison arising from the rejection of that contract are to be filed with the Clerk of the Bankruptcy Court, 50 Walnut Street, Newark, New Jersey 07102, and served upon the Trustee no later than sixty (60) days subsequent to the entry of this Order. [effective as of the closing on the above sale]

9. All unexpired leases of equipment [+ all assets not sold by the Trustee herein or abandoned or secured creditors with respect to those assets] to which the Debtor was a party are rejected pursuant to 11 U.S.C. §365(a), and the owners of any equipment under those leases be and hereby are authorized to recover their equipment or collateral, as the case may be, without further notice to creditors or order of the Court.

10. [Handwritten: In the event that Smentkowski fails to close on the sale pursuant to this order, the Trustee is authorized to sell, assume + assign the above assets to Suburban Disposal, Inc. pursuant to the same terms as the sale ~~at~~ on December 7, 2009 for the sum of...]